SUAREZ, J.
Crestview II, Ltd., Marsol One LLC, and Marcial Solis (“Crestview”) appeal a non-final order granting an amended order to appoint receiver in favor of TotalBank. We have jurisdiction. Fla. R.App. P. 9.130(a)(3)(D); Interdevco, Inc., v. Brickellbanc Savs. Ass’n, 524 So.2d 1087 (Fla. 3d DCA 1988). We affirm the non-final order below appointing receiver as the order complies with the authority given To-talBank in the loan documents executed by Crestview.
TotalBank loaned approximately $32,000,000 to Crestview, a real estate developer, for a residential development. The promissory note executed by Crest-view in favor of TotalBank incorporated other loan documents and instruments including a construction loan agreement and amendment. The construction loan agreement provided that TotalBank had the right to complete construction in the event of default, including the right to perform all work and labor to complete improvements, to employ contractors and subcontractors and to apply for permits. Crest-view defaulted on its obligation under the promissory notes and mortgages. Total-Bank sued Crestview for breach of promissory notes, guarantees and the assignment of rents, and to foreclose its security interests.
In accord with the mortgages, which provided for appointment of a receiver and assignment of rents in favor of TotalBank, on August 9, 2010, TotalBank served an amended verified motion to appoint receiver and for turnover of rents. In seeking the appointment of the receiver, TotalBank relied upon paragraph 2.05 of the Crest-view mortgages, which provided that, in the event of default, “[mjortgagee shall be entitled, as a matter of right and without regard to the value or occupancy of the security, to have a receiver appointed to enter upon and take possession of the Mortgaged Property, collect the rents and profits therefrom and apply the same as the court may direct, such receiver to have all the rights and powers permitted under the laws of Florida.”
At the evidentiary hearing on the appointment of receiver which followed, the *12 evidence revealed that the fair market value of the Crestview property was significantly less than the outstanding indebtedness owed to TotalBank; that Crestview failed to pay the real estate taxes for the property since 2008; that there was some physical damage and neglect to the property; that there were outstanding federal tax liens against the property; and that the Crestview property consisted of homes that were approximately 80% complete and eight lots upon which slabs had been constructed. The trial court granted Total-Bank’s motion to appoint receiver for the reasons stated in its order. Paragraphs 9, 10(c), (h), (j), (l) and (m) of the order are the subject of this appeal.[1]
*13 On appeal, Crestview challenges the authority of the trial court to appoint the receiver with powers designated in paragraphs 9, 10(e), (h), (j), © and (m) of the trial court’s order. It contends that these powers exceed the scope of a receiver’s authority in a mortgage foreclosure proceeding. We do not agree. We find that the authority of the receiver, as referred to in the order appointing receiver, in effect, are one and the same as the duties already having been designated to TotalBank in the agreed-to notes, mortgages, and construction loan agreements themselves and were properly within the purview of the appointed receiver, related to keeping the value of the property from declining and to preserving the status quo. See Interdevco, Inc. v. Brickellbanc Sav. Ass’n, 524 So.2d at 1087. We therefore affirm the .trial court’s order.[2]
Affirmed.

. ORDER GRANTING PLAINTIFF TOTAL-BANK’S AMENDED VERIFIED MOTION TO APPOINT RECEIVER AND FOR TURNOVER OF RENTS
THIS CAUSE came before the Court for hearing on April 20, 2011 and April 21, 2011 upon Plaintiff TotalBank's Amended Verified Motion to Appoint Receiver and for Turnover of Rents (the "Motion”). The Court has reviewed the Motion, all filings related to the Motion, the Court file, and applicable case law. The Court further conducted a two-day evidentiary hearing, observed the demeanor and credibility of the witnesses, heard argument of counsel, and being otherwise fully advised, the Court finds:
1. The subject promissory notes executed by Defendants, Crestview II, Ltd. ("Crestview”), and Marsol One, LLC ("Mar-sol"), in favor of TotalBank, matured in 2008 and were not paid at or at any time after maturity. Therefore, Crestview and Marsol defaulted on their obligations under the promissory notes and mortgages.
2. The subject Crestview and Marsol mortgages both provide for the appointment of a receiver and an assignment of rents in favor of TotalBank. Mortgage provisions consenting to the appointment of a receiver on default, like the provision in this case, are to be accorded due weight. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241 (1930). The parties also entered into separate enforceable written assignment of lease agreements for Crestview and Marsol.
ORDERED AND ADJUDGED:
1. The Motion is hereby GRANTED.
2. Appointment. Tony Palumbo of Shores Development Group is hereby appointed Receiver (the "Receiver”) of all of the real and personal property, together with all improvements, which real property is described in the Second Amended Complaint and is the subject of:
9. Possession and Turnover of Property, Books, Records and Data. The Receiver shall immediately take possession of and Defendants and their respective officers, directors, shareholders, members, employees, accountants, representative and agents, including Steven Pena, Esq., shall immediately turnover to Receiver all the books, records, ledgers, assets, files, papers, contracts, leases, documents, data, insurance policies and certificates, plans, specifications and drawings, monies, deposits, rents, profits, securities, accounts, keys, pass codes, computers, hard drives, portable media devices, software disks, electronic mail, electronic mail accounts, and all other property, real, personal or mixed, in the possession, custody or control of Crestview and Marsol One, relating directly or indirectly, to the operation and maintenance of the Properties, the Properties themselves, the operations of Crestview or Marsol, and any other matter not specifically described in this Order, but which is reasonably necessary for the Receiver to perform his duties as described herein, and shall retain custody of all such property, records and documents until further order of this Court.
10. Specific Powers and Duties of Receiver. Subject to any restrictions set forth herein, Receiver is hereby empowered, directed and authorized by this Court to act on its behalf as Receiver of the Properties, and to do any and all things necessary for the proper operation, preservation, maintenance, protection, conservation and administration of the Properties, including, but not limited to, the following:
(c) Property Maintenance and Repair. The Receiver shall maintain the buildings, appurtenances and grounds of the Properties substantially in marketable condition, making such repairs and renovations as are necessary and appropriate to ensure the *13 life, health and safety of any persons on the property, but only to the extent the Receiver determines, after consultation with Total-Bank, that such repairs and renovations are economically feasible and in the best interest of the Properties.
(h) Major Repairs and Improvements. The receiver, with the written consent of TotalBank, has the authority to complete the construction of the substantially completed (and unoccupied) home, located at 16371 S.W. 60th Terrace on the Crestview Property, and hire such professionals and contractors as may be necessary to accomplish the same. The Receiver shall not incur any obligation for major repairs, improvements, additions or alterations of the Properties requiring expenditures in excess of $5,000.00 without prior order of this Court or a written stipulation of TotalBank.
(j) Service Contract. The Receiver shall not enter into any service contracts relating to the Properties having a term which cannot be cancelled (without premium or penalty), upon the termination of the receivership or upon thirty (30) days’ notice, whichever is earlier, or for a total compensation of more than $5,000.00, except with prior order of this Court or a written stipulation of TotalBank. In submitting all such service contracts to the Court for its approval or to TotalBank, the Receiver shall disclose any affiliate relationship, or pecuniary interest, that he may have with or in such contracting party.
(Z) Permits, Approvals, Entitlements. The Receiver has the authority to apply for any permits, licenses, plats, tentative plats, registrations, approvals, permissions, extensions, renewals, concurrencies or entitlements for the Properties as for and on behalf of and in the name of Crestview or Marsol.
(m) Crestview II Community Development District. The Receiver has the authority to act for and on behalf of Crestview in matters involving the Crestview II Community Development District ("CDD”), including, but not limited to, executing agreements and documents to convey to Lake Tract "A”, as identified on the Rivendall East (Plat Book 165, Page 64), and certain fountain improvements located in the two lakes with the CDD's boundaries, to the CDD, with the express written consent of Total-Bank.

. Crestview's challenge to paragraph 9 of the trial court’s order may be resolved upon remand by way of a motion for protective order and an in camera inspection, including a privilege log, for determination by the trial judge of which records, if any, are subject to production.